UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DERRICK LEE SMITH,

        Petitioner,

v.                                   CASE NO. 14-14790
                                   HONORABLE TERRENCE G. BERG

MICHIGAN DEPARTMENT
OF CORRECTIONS HEARINGS
DIVISION, *et al.,*

        Respondents.
_____/

**ORDER DISMISSING THE HABEAS CORPUS PETITION AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
OR TO GRANT LEAVE TO APPEAL *IN FORMA PAUPERIS***

**I.  INTRODUCTION**

On December 18, 2014, state prisoner Derrick Lee Smith ("Petitioner")

commenced this action by filing a "Certificate of Prisoner Institutional/Trust Fund

Account Activity" and a *pro se* habeas corpus petition under 28 U.S.C. § 2254.  The

habeas petition challenges a prison misconduct proceeding in which Petitioner was

found guilty of possessing forged documents and being an accomplice to forgery.  He

was punished with three days loss of privileges and now seeks to have the

misconduct charge dismissed and the "guilty" finding removed from his files.

Petitioner did not prepay the filing fee for this action.  Nor did he file a

proper application for leave to proceed *in forma pauperis*.  Accordingly, on

1

December 20, 2014, the Magistrate Judge ordered Petitioner to pay the $5.00 filing
fee or to submit a completed application to proceed *in forma pauperis* within
twenty-one days of the date of the order. The Magistrate Judge warned Petitioner
that failure to comply with his order could result in the dismissal of the habeas
petition. On January 8, 2015, Petitioner filed a document purporting to raise new
claims, but, to date, he has not paid the $5.00 filing fee, nor submitted a proper
application to proceed *in forma pauperis*.

## II. DISCUSSION

Under the Federal Rules of Civil Procedure, a defendant may move to dismiss
an action if a plaintiff fails either to prosecute an action or to comply with a court
order. Fed. R. Civ. P. 41(b). The Supreme Court has interpreted this rule to permit
federal courts to dismiss *sua sponte* an action for lack of prosecution. As explained
in *Link v. Wabash R. Co.*, 370 U.S. 626 (1962), "[n]either the permissive language of
the Rule—which merely authorizes a motion by the defendant—nor its policy
requires us to conclude that it was the purpose of the Rule to abrogate the power of
courts, acting on their own initiative, to clear their calendars of cases that have
remained dormant because of the inaction or dilatoriness of the parties seeking
relief." *Id*. at 630. The power to dismiss an action for lack of prosecution "is
necessary in order to prevent undue delays in the disposition of pending cases and
to avoid congestion in the calendars of the District Courts." *Id*. at 629-30.

Similarly, under this Court's Local Rules, "the Court may, on its own motion
after reasonable notice or on application of a party, enter an order dismissing a

2

case" when a party has "taken no action for a reasonable time." L.R. 41.2 (E.D. Mich. Mar. 2, 1998).

> Local Rule 41.2 expressly authorizes *sua sponte* dismissals for lack of prosecution. Furthermore, it is axiomatic that the Court possesses inherent power to dismiss sua sponte, without notice or hearing, "to achieve the orderly and expeditious disposition of cases". *See* Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial, ch. 16, § 431. *See also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–632, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962); *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985).

*Branham v. Home Depot U.S.A., Inc.*, 225 F. Supp. 2d 762, 769 n. 4 (E.D. Mich. 2002).

The Sixth Circuit Court of Appeals has concluded that, "[p]ursuant to Fed. R. Civ. P. 41(b) and Local Rule 41.2, the United States District Court for the Eastern District of Michigan may dismiss complaints for failure to prosecute." *Mulbah v. Detroit Bd. Educ.*, 261 F.3d 586, 589 (6th Cir. 2001).

Petitioner has not complied with the Magistrate Judge's order to submit either the $5.00 filing fee or a completed application to proceed *in forma pauperis*. And more than seven months have passed since the Magistrate Judge entered his order.

Accordingly, because no action has been taken for a reasonable time, this action must be dismissed for want of prosecution.

## III.  CERTIFICATE OF APPEALABILITY

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

3

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a [certificate of appealability] should issue," and an appeal of the district court's order may be taken, if "the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court declines to issue a certificate of appealability here, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner failed to comply with the Magistrate Judge's order and failed to prosecute this action.

## IV.  CONCLUSION

For the reasons given above, **IT IS ORDERED** that the habeas petition (Dkt. 1) and new claims (Dkt. 5) are dismissed without prejudice[1] for failure to prosecute. *Link*, 370 U.S. at 629-30;  Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2.

---

[1] A dismissal without prejudice means that Petitioner may re-file this petition provided that he complies with the Court's Rules in paying the $5.00 filing fee or completing an application to proceed *in forma pauperis*.

**IT IS FURTHERED ORDERED** that the Court **DECLINES** to issue

Petitioner a certificate of appealability.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2015

## Certificate of Service

I hereby certify that this Order was electronically submitted on July 31, 2015, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
Case Manager

5