UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

       Petitioner,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS HEARINGS
DIVISION, *et al.,*

       Respondents.

_____/

CASE NO. 14-14790
HONORABLE TERRENCE G. BERG

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO GRANT THE WRIT OF HABEAS CORPUS (Dkt. #10), DISMISSING THE HABEAS CORPUS PETITION (Dkt. #1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, BUT GRANTING <u>LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

State prisoner Derrick Lee Smith ("Petitioner") has filed a *pro se* habeas corpus petition challenging a prison misconduct proceeding that resulted in the forfeiture of certain privileges. Because Petitioner has not exhausted state remedies for his claims, nor demonstrated that he is in custody in violation of the Constitution, the Court must dismiss his petition.

## I.  BACKGROUND

### A.  The Prison Disciplinary Proceeding

Petitioner alleges that, on October 19, 2014, a correctional officer charged him with major prison misconduct for allegedly being an accomplice to (1) possession of forged documents and (2) possession of stolen property. The charges

arose from allegations that Petitioner gave his identification card to a prisoner named Greer so that Greer could receive a second meal tray. On October 29, 2014, a prison hearing officer found Petitioner guilty of being an accomplice to forgery, but not guilty of being an accomplice to possession of stolen property. The hearing officer punished Petitioner with three days loss of privileges. Petitioner appealed the hearing officer's decision to a deputy warden, but the deputy warden affirmed the hearing officer and denied the appeal.

### B. The Habeas Petition

On December 18, 2014, Petitioner filed a habeas corpus petition and a certified statement of his prison trust fund account. *See* ECF Nos. 1 and 2. On December 20, 2014, the Magistrate Judge ordered Petitioner to pay the $5.00 filing fee or to submit an application to proceed *in forma pauperis* within twenty-one days of the date of the order. *See* ECF No. 3. On January 8, 2015, Petitioner filed a document raising new claims, *see* ECF No. 5,[1] but he did not pay the $5.00 filing fee, nor submit a proper application to proceed *in forma pauperis.* Accordingly, on July 31, 2015, the Court dismissed the petition for want of prosecution. *See* ECF No. 6.

On August 24, 2015, Petitioner moved for reconsideration of the order of dismissal, *see* ECF No. 7, and on September 25, 2015, Petitioner moved for reinstatement of the habeas petition, *see* ECF No. 8. On October 6, 2015, the Court received the $5.00 filing fee from Petitioner, and on November 3, 2015, the Court

---

[1] The new claims pertain to other prison misconduct charges brought against Petitioner and for sanctions involving loss of privileges and "top lock" (confinement in one's cell).

entered an order that granted Petitioner's motions for reconsideration and reinstatement of the habeas petition. The order also vacated the order of dismissal and directed the Clerk of Court to re-open this case.

Finally, on November 17, 2015, Petitioner moved to grant his habeas corpus petition as to the forgery charge. *See* ECF No. 10.[2] In his motion, Petitioner disputes the hearing officer's finding that Petitioner never reported losing his identification card. Petitioner maintains that he did report the identification card as being lost and that prisoner Greer found the card and used it. Petitioner denies giving the card to Greer, as charged by prison officials.

Petitioner claims that the hearing officer violated his right to due process by failing to conduct the misconduct proceedings according to departmental policy and procedure and by issuing a decision based on false information. Petitioner seeks to have the major misconduct charge dismissed and removed from his files and a "not guilty" plea entered on the record.

## II. DISCUSSION

### A. Exhaustion of State Remedies

A threshold question is whether Petitioner fairly presented his claims to the state courts. A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner exhausted state remedies for his claims. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Nali v. Phillips*, 681

---

[2] Petitioner abandoned his claims about the other prison misconduct charges that were brought against him.

F.3d 837, 851 (6th Cir. 2012). The exhaustion requirement is satisfied if a prisoner "give[s] the state courts one full opportunity to resolve any constitutional issues by invok[ing] one complete round of the State's established appellate review process," including a petition for discretionary review to a state supreme court when that review is part of the state's ordinary appellate review procedure. *O'Sullivan*, 526 U.S. at 845, 847. A Michigan petitioner must present each ground to both state appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner alleges that he filed a state complaint for the writ of habeas corpus in Branch County Circuit Court, which dismissed the complaint for lack of jurisdiction. *See* Mot. to Grant Writ of Habeas Corpus, ECF No. 10, at 3. Petitioner apparently took no other action on his state complaint and never raised his claims in the Michigan Court of Appeals or in the Michigan Supreme Court. Therefore, he has failed to exhaust state remedies for his claims.

### B. The "In Custody" Requirement

Petitioner's claims are not only unexhausted; they also lack merit. First, Petitioner is challenging the conditions of confinement, and a civil rights complaint under 42 U.S.C. § 1983 is the "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). A petition for the writ of habeas corpus generally is limited to challenges to the fact or duration of imprisonment. *Id.* at 500. Although

a habeas corpus petition may be used to challenge prison conditions "[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody," *Preiser*, 411 at 499, Petitioner has not demonstrated that "additional and unconstitutional restraints" were imposed on him as a result of the misconduct proceeding. The proceeding resulted only in the loss of privileges. Petitioner is not attacking the fact or length of his imprisonment, and he has not alleged that he lost any good-time or disciplinary credits as a result of the misconduct proceeding. Thus, habeas corpus is not the proper remedy for Petitioner's claims.

      Second, the writ of habeas corpus is available only to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). A prisoner may not challenge the loss of privileges in a habeas corpus petition because it does not affect the duration of his incarceration. *Pernokis v. McBride*, 67 F. App'x 931, 932 (7th Cir. 2003). Therefore, even though Petitioner is still incarcerated, he is not "in custody" for purposes of the habeas corpus statute as a result of the disciplinary sanctions. *Id*; *see also Homen v. Hasty*, 229 F. Supp.2d 290, 295 (S.D. N.Y. 2002) (stating that a "challenge [to] disciplinary procedures having only a speculative or incidental effect on the length of [prisoner's] sentence is not close to the core of habeas corpus and cannot be raised under § 2241") (quotation marks omitted) (alterations in original); *Johnson v. Freeburn*, 29 F. Supp. 2d 764, 776 n. 3 (E.D. Mich. 1998) (stating that the prisoner was not "in custody" within the meaning of § 2254 and could not bring a habeas action with

5

respect to his misconduct ticket and its sanction).

Because Petitioner is not "in custody" as a result of the disciplinary proceedings, he cannot challenge his misconduct ticket and its sanction in this habeas corpus action. Accordingly, the habeas corpus petition (ECF No. 1) is summarily **DISMISSED**, and the motion to grant the writ of habeas corpus (ECF No. 10) is **DENIED**.

### III. CERTIFICATE OF APPEALABILITY

A "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court declines to issue a certificate of appealability here, because reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. Reasonable jurists also would not conclude that the issues deserve encouragement to proceed further. Petitioner nevertheless may appeal this

Court's decision *in forma pauperis*, because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

s/Terrence G. Berg<br>TERRENCE G. BERG<br>UNITED STATES DISTRICT JUDGE

Dated:  May 17, 2016

<u>**Certificate of Service**</u>

I hereby certify that this Order was electronically submitted on May 17, 2016, using the CM/ECF system, which will send notification to each party.

s/A. Chubb<br>Case Manager